J-A15004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYLER EDWARD HOLBEN | : | |
| | : | |
| Appellant | : | No. 920 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 8, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004461-2020

BEFORE:  BOWES, J., KUNSELMAN, J., and SULLIVAN, J.

CONCURRING STATEMENT BY KUNSELMAN, J.: **FILED: OCTOBER 18, 2022**

I join the majority.  I write separately to clarify why I reach this conclusion based on the way this case has been framed.

When he encountered the police, Tyler Holben tried to do exactly what he had the right to do in a "mere encounter"—refuse to answer questions and walk away.  On appeal, he argues that the interaction escalated to an investigative detention when Sergeant Turack exited his car and said, "I need to talk to you.  Come on over here." *See* N.T. Suppression, 4/27/21, at 23.

The moment the interaction became an investigative detention is key, as that is when we assess whether the totality of the circumstances provided the officer reasonable suspicion to detain the person he encountered.  Here, by the time Sergeant Turack exited his vehicle, he knew the following: (1) there had been numerous thefts from cars in the area, including thefts of guns, at this time of night, (2) people can carry guns in their pockets, and (3) Holben

repeatedly put his hands in the pocket of his garment that was unusual to wear on a hot, humid night. *Id.* at 5, 7, 19, 20. This was sufficient to warrant a person of reasonable caution to suspect that criminal activity (stealing guns) was afoot and that Holben was involved (carrying a stolen gun in his pocket).[1]

If the encounter had become an investigative detention before Sergeant Turack observed Holben repeatedly putting his hands back in his pocket, then there might not have been reasonable suspicion. However, because Holben has not argued that the encounter escalated any sooner, I decline to speculate as to this conclusion.

---

[1] I would dismiss as irrelevant the uncorroborated 911 call, where an unknown caller said that multiple people were smashing bottles, as there was no evidence that Holben had anything to do with the bottle-smashing. Also, Holben's refusal to cooperate and attempt to walk away have no bearing on the reasonable suspicion inquiry. *See Illinois v. Wardlow*, 528 U.S. 119, 125 (2000) (citing *Florida v. Royer*, 460 U.S. 491 (1983)) (distinguishing "refusal to cooperate" and "going about one's business"—which do not provide reasonable suspicion—from unprovoked flight—which might).